UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80068-CR-ROSENBERG(s)(s)
21 U.S.C. § 846
21 U.S.C. § 963
21 U.S.C. § 841(b)(1)(C)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)
21 U.S.C. § 853
21 U.S.C. § 924(d)

UNITED STATES OF AMERICA,

vs.

KEVIN RAPHAEL BULLY,

       Defendant,
_____/



FILED by ___ D.C.
DEC 0 8 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or around March 2015, the exact date being unknown to the Grand Jury, through on or about April 15, 2015, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**KEVIN RAPHAEL BULLY,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a

1

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of $\alpha$-Pyrrolidinovalerophenone, also known as alpha-PVP ("$\alpha$-PVP"), also known as "Flakka," a schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 2

On or about March 26, 2015, in Palm Beach County, in the Southern District of Florida, the defendant,

**KEVIN RAPHAEL BULLY,**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that the violation involved a mixture and substance containing a detectable amount of

α-Pyrrolidinovalerophenone, also known as alpha-PVP("α-PVP"), also known as "Flakka," a schedule I controlled substance.

### COUNT 3

From in or around March 2015, the exact date being unknown to the Grand Jury, through on or about April 15, 2015, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**KEVIN RAPHAEL BULLY,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

The controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of α-Pyrrolidinovalerophenone, also known as alpha-PVP("α-PVP"), also known as "Flakka," a schedule I controlled substance, in violation of Title 21, United States Code, Section 960(b)(3).

## COUNT 4

From at least as early as on or about March 21, 2015, through on or about March 26, 2015, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**KEVIN RAPHAEL BULLY,**

did knowingly and intentionally attempt to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a) and Title 18, United States Code, Section 2;  all in violation of Title 21, United States Code, Section 963.

Pursuant to Title 21, United States Code, Section 960(b)(3), it is further alleged that this violation involved a mixture and substance containing a detectable amount of $\alpha$-Pyrrolidinovalerophenone, also known as alpha-PVP("$\alpha$-PVP"), also known as "Flakka," a schedule I controlled substance.

## COUNT 5

On or about July 15, 2015, in Palm Beach County, in the Southern District of Florida, the defendant,

**KEVIN RAPHAEL BULLY,**

did knowingly and intentionally possess with the intent to distribute a controlled substance, a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that the violation involved a mixture and substance containing a detectable amount of heroin, a schedule I controlled substance.

## COUNT 6

On or about July 15, 2015, in Palm Beach County, in the Southern District of Florida, the defendant,

**KEVIN RAPHAEL BULLY,**

did knowingly and intentionally possess with the intent to distribute a controlled substance, a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that the violation involved a mixture and substance containing a detectable amount of alprazolam, a schedule IV controlled substance.

## COUNT 7

On or about March 26, 2015, in Palm Beach County, in the Southern District of Florida, the defendant,

**KEVIN RAPHAEL BULLY,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Glock .40 caliber semi-automatic pistol; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 8

On or about March 26, 2015, in Palm Beach County, in the Southern District of Florida, the defendant,

**KEVIN RAPHAEL BULLY,**

did knowingly possess a firearm that is, a Glock .40 caliber semi-automatic pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, attempt to possess with intent to deliver a controlled substance as charged in count of this Second Superseding Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE

1. Upon conviction of any of the violations alleged in Counts 1, 2, 3, 4, 5 and 6 of this Second Superseding Indictment, the defendant **KEVIN RAPHAEL BULLY** shall forfeit to the United States any and all property constituting or derived from any proceeds which the defendant **KEVIN RAPHAEL BULLY** obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or facilitate the commission of such violation, including, but not limited to, the following:

      a.  $ 8,725   in United States currency.

      b.  $ 60,000  in United States currency.

      c.  One Glock Model 27 .40 caliber semiautomatic pistol.

Pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of any of the violations alleged in Counts 7 and 8, of this Second Superseding Indictment, the defendant **KEVIN RAPHAEL BULLY** shall forfeit to the United States any firearm or ammunition involved in or used in said violation including, but not limited to, the following:

      a.  One Glock Model 27 .40 caliber semiautomatic pistol.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 924(d), and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
LOTHROP MORRIS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. __15-80068-CR-ROSENBERG(s)(s)__

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

**KEVIN RAPHAEL BULLY,**

    **Defendant.**
_____/

**Superseding Case Information:**

**Court Division:** (Select One)

____ Miami  ____ Key West
____ FTL    __X__ WPB   ____ FTP

| | Yes | No |
|---|---|---|
| New Defendant(s) | ___ | _X_ |
| Number of New Defendants | | |
| Total number of counts | _X_ | _8_ |

    I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
List language and/or dialect _____

4. This case will take __5-6__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

    (Check only one)

| | | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | | Petty | ____ |
| II | 6 to 10 days | _X_ | | Minor | ____ |
| III | 11 to 20 days | ____ | | Misdem. | ____ |
| IV | 21 to 60 days | ____ | | Felony | _X_ |
| V | 61 days and over | ____ | | | |

6. Has this case been previously filed in this District Court? (Yes or No) __Yes__
If yes:
Judge: __Rosenberg__   Case No. __15-80068-CR-ROSENBERG(s)__
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)   __Yes__
If yes:
Magistrate Case No. __15-8204-JMH__
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of __Bully: 07/15/15; Lewis: 04/16/15__
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)   __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   _X_ No

                                                                                                        _/s/ signature_
                                                                                                  LOTHROP MORRIS
                                                                                                  ASSISTANT UNITED STATES ATTORNEY
                                                                                                  Florida Bar No. 0095044

*Penalty Sheet(s) attached

                                                                                                                                            REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __KEVIN RAPHAEL BULLY__

**Case No:** __15-80068-CR-ROSENBERG(s)(s)__

Count #: 1

Conspiracy to possess with intent to distribute a controlled substance, to wit ("a-PVP") a/k/a "Flakka

Title 21, United States Code, Section 846

\* **Max.Penalty**: 20 Years Imprisonment; $1 Million Fine; 3 Years to Life Supervised Release; $100 Special Assessment

Count #: 2

Attempt to possess with intent to distribute a controlled substance, to wit ("a-PVP") a/k/a "Flakka

Title 21, United States Code, Section 841(a)(1)(C)

\* **Max.Penalty**: 20 Years Imprisonment; $1 Million Fine; 3 Years to Life Supervised Release; $100 Special Assessment

Count #: 3

Conspiracy to import into the U.S. a Schedule I narcotic controlled substance, to wit ("a-PVP") a/k/a "Flakka

Title 21, United States Code, Section 963

\* **Max.Penalty**: 20 Years Imprisonment; $1 Million Fine; 3 Years to Life Supervised Release; $100 Special Assessment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 4

Attempted Importation into the U.S. a Schedule I narcotic controlled substance, to wit ("a-PVP") a/k/a "Flakka

Title 21, United States Code, Section 952

* **Max.Penalty**: 20 Years Imprisonment; $1 Million Fine; 3 Years to Life Supervised Release; $100 Special Assessment

Count #: 5

Possess with intent to distribute a controlled substance, to wit, heroin

Title 21, United States Code, Section(s) 841(a)(1) & (b)(1)(C)

* **Max.Penalty**: 20 Years Imprisonment; $1 Million Fine; 3 Years to Life Supervised Release; $100 Special Assessment

Count #: 6

Possess with intent to distribute a controlled substance, to wit, alprazolam

Title 21, United States Code, Section(s) 841(a)(1) & (b)(1)(C)

* **Max.Penalty**: 20 Years Imprisonment; $1 Million Fine; 3 Years to Life Supervised Release; $100 Special Assessment

Count #: 7

Felon in Possession of a firearm

Title 18, United States Code, Section(s) 922(g)(1) & 924(a)(2)

* **Max.Penalty**: 10 Years Imprisonment; $250,000 Fine; 3 Years Supervised Release; $100 Special Assessment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 8

Possession of a firearm in furtherance of a drug trafficking crime

Title 21, United States Code, Section 924(c)(1)(A)

* **Max.Penalty**: 5 Years Imprisonment Consecutive; $250,000; 3 Years Supervised Release; $100 Special Assessment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**